IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
OCT 31 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Paul D. Franklin, )
    Petitioner, )
)
v. ) 1:13cv265 (CMH/TCB)
)
Director, Va. Dep't of Corr., )
    Respondent. )

## MEMORANDUM OPINION

Paul D. Franklin, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of arson in the Circuit Court of Hanover County, Virginia. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on July 03, 2013. For the reasons that follow, petitioner's claims must be dismissed.

### I. Background

On April 21, 2010, a jury convicted Paul D. Franklin of arson of an occupied building. The court sentenced him to five years of incarceration. Franklin pursued a direct appeal to the Court of Appeals of Virginia challenging the sufficiency of the evidence to support his conviction and arguing a Brady violation. The Court of Appeals denied the petition for appeal on January 25, 2010. Franklin v. Commonwealth, R. No. 0952-10-2 (Va. Ct. App. Jan. 25, 2011). On June 22, 2011, the Supreme Court of Virginia refused Franklin's petition for appeal. Franklin v. Commonwealth, R. No. 0952-10-2 (Va. Jun. 22, 2011).

Franklin then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia claiming ineffective assistance of counsel. The court dismissed the petition on December 11, 2012. Franklin v. Dir., Dep't Corr., Case No. 121014. On January 29, 2013, Franklin filed the instant federal habeas petition raising the following claims.

> 1. Ineffective Assistance of Counsel
>     (A) Counsel was ineffective for failing to present exculpatory evidence.[1]
>     (B) Counsel was ineffective for failing to impeach Christopher Cox with available evidence.
>     (C) Counsel was ineffective for failing to object to evidence of a wire taped conversation and to the prosecutor's explanation of the tape's contents.
> 2. Fourteenth Amendment Due Process violation in that the evidence was insufficient to support his conviction.
> 3. Brady v. Maryland violations

On May 13, 2013, respondent filed a Motion to Dismiss Franklin's petition. After the Court granted Franklin's Motion for an Extension of time, Petitioner filed a timely response on July 3, 2013. Based on the pleadings and record before this Court, it is uncontested that Franklin exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court or administrative agency has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court or agency's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court or agency decision is "contrary to" or "an

---

[1] In Franklin's petition his first claim, "A," is that his "statement, or lack thereof, on the record concerning [my] dissatisfaction with Attorney Mark's performance does [sic] not in any way preempt [his] allegations of ineffective assistance of counsel." In his Response and Opposition to Respondent's Motion to Dismiss and Rule 5 Answer, he states that his claim A "does not make a claim for relief in itself. This portion of the petition is simply meant to remind the State Court that a blanket dismissal . . . based on his statements . . . would be contrary to Federal law." As the petitioner does not make a claim for relief in his claim A, the Court will proceed to his other claims.

2

unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412–13 (2000).

A state court or agency determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

#### A. Claims 1(A)–(C): Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v.

3

Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998). Here, the Supreme Court of Virginia found that Claims 1(A)–(C) satisfy neither the performance nor prejudice prong of the two-part test enunciated in Strickland.

1. Claim 1(A)

Petitioner alleges that he was denied the effective assistance of counsel because counsel did not present available exculpatory evidence and failed to adequately investigate such evidence. Mem. Supp. Pet. 10, ECF No. 2. Specifically, petitioner alleges that counsel "failed to interview, subpoena, and present testimony from Caroline Bell," petitioner's sister Id. at 7, 11.

He claims that such evidence would have shown Tiffany White and Ross Franklin had given Caroline Bell "conflicting stories about their activities on the night of the fire and eventually told [Caroline Bell] that they were in the petitioner's house right before the fire started." Id. Further, he states that counsel failed to subpoena and call Tiffany White and Ross Franklin even though they admitted to starting the fire. Id. Petitioner also claims counsel failed to subpoena or call the insurance investigator or present the insurance company's investigation report. Id. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that:

> The Court holds that claim ([A]) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript and affidavit of counsel, demonstrates that in response to questions from the trial judge, petitioner said his witnesses were present, he was ready for trial, and he was entirely satisfied with the services of counsel.
>
> Petitioner fails to proffer the name of the insurance investigator he contends counsel should have called to testify for the defense, and fails to proffer affidavits from the witnesses to demonstrate that they would have testified as petitioner alleges. The failure to proffer affidavits regarding the testimony witnesses would have offered is fatal. See Muhammad v. Worden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007). Petitioner also fails to proffer the insurance investigation report to demonstrate that the report concludes the fire was an electrical accident as petitioner alleges. Moreover, petitioner's nephew, Christopher Cox, admitted deliberately setting the fire at petitioner's request, and the electricity at the property had been disconnected. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Dec. 11, 2012 at 2-3, R. No. 121014. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable

5

determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

2. Claim 1(B)

Petitioner alleges that he was denied the effective assistance of counsel because counsel did not use available evidence of jail calls Christopher Cox made to Franklin to impeach Cox. Mem. Supp. Pet. 14, 15; ECF No. 2. He claims that such evidence would have shown "during the calls Cox told Franklin and his family that he did not commit the arson and had told law enforcement the same, and, that he only changed his story when the Commonwealth also promised him a plea deal." Id. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that:

> The Court holds that [this claim] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcript and affidavit of counsel, demonstrates that Cox testified that petitioner arranged for Cox to burn down the house, that defense counsel vigorously cross-examined Cox about inconsistencies between the recorded telephone calls and Cox's trial testimony, and that in a recorded conversation between petitioner and Al White, petitioner corroborated Cox's testimony. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Dec. 11, 2012 at 3, R. No. 121014. The state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

6

3. Claim 1(C)

Petitioner alleges that he was denied the effective assistance of counsel because counsel failed to object to a wiretapped conversation being introduced into evidence and failed to object to the prosecutor's explanation of the contents of the tape. Mem. Supp. Pet. 17, ECF No. 2. Specifically, petitioner alleges that counsel should have objected to the introduction of the wiretapped conversation because the "entire tape was replete with static and virtually unintelligble." Id. at 17. Petitioner also alleges that his counsel was ineffective when he failed to object to the prosecutions' description of what was on the tape. Id. at 17-18. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that:

> The Court holds that claim ([C]) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcript and affidavit of counsel, demonstrates that counsel reviewed the recording with petitioner, that petitioner identified errors in the transcript of the recording regarding who was saying what, and that the Commonwealth prepared a revised transcript. In the recording, petitioner made incriminating comments. The evidence was admissible and the prosecutors closing argument was properly based on the evidence admitted at trial. Counsel is not ineffective for failing to object to admissible evidence, or for failing to object to proper closing argument. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Dec. 11, 2012 at 4, R. No. 121014. The state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

7

B. Claim Two

Petitioner alleges that he was denied his Fourteenth Amendment Due Process rights because the evidence at trial was insufficient to support his conviction. Mem. Supp. Pet. 19, ECF No. 2. On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546–47 (1981); see Wilson v. Greene, 155 F.3d 396, 405–06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Specifically, petitioner alleges that Christopher Cox and Al White's testimonies were unreliable because they were given in exchange for a promise of leniency or financial benefit. Mem. Supp. Pet. 21, ECF No. 2. Petitioner also alleges that "the evidence proved that the fire was most started by an accelerant or an intentional act, but by the stumbling, inebriated Cox, who allegedly knocked off the back of the wood stove." Id. When the petitioner presented this claim to the Court of Appeals of Virginia in his appeal, it ruled that:

> Here, the jury accepted the testimony given by Cox and White that appellant had arranged for Cox to burn down the house. Contrary to appellant's assertion, Cox specifically testified that he understood that appellant's statement to

> "take care of it" referred to burning down the house based on their conversations earlier that day. White also testified that appellant had dropped Cox near appellant's house shortly before the fire and that appellant was upset when Cox returned to appellant's vehicle directly from appellant's driveway, leading to the reasonable conclusion that appellant was attempting to avoid detection by witnesses.
>
> Appellant corroborated the testimony given by Cox and White in appellant's recorded conversation with White. Appellant confirmed Cox's account as to how the fire started and as to how Cox injured his eye. Appellant also acknowledged he was upset when Cox left the house from appellant's driveway because of the possibility Cox would be seen.
>
> Finally, circumstantial evidence supported the credibility of Cox's and White's testimony. At the time of the fire, appellant's house was insured, and he was experiencing financial and marital difficulties. He moved his truck and his dog from the house only a few hours before the fire occurred . . . .
>
> Based on this record, we cannot say the testimony given by White and Cox was inherently incredible. Accordingly, the evidence was sufficient to support appellant's convictions.

Order Jan. 25, 2011 at 3-4, R. No. 0952-10-2. The Supreme Court of Virginia refused further review by its June 22, 2011 order. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The state court's rejection of this claim was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim must be dismissed.

C. Claim Three

Petitioner alleges that the Commonwealth violated Brady v. Maryland and that the trial court erred in denying his motion for a new trial. Mem. Supp. Pet. 22-23, ECF No. 2. Specifically, petitioner alleges that "law enforcement officers showed a neighbor a photographic lineup" and failed to provide him the results, which showed the neighbor was unable to make a positive identification. Id. Petitioner argues that "the jury could have assumed that she would recognize a photo of the petitioner if presented with one." Id. Petitioner goes on to argue that the neighbor failed to identify the person in the photo as Cox, the person police had arrested, and thus "the jury should have been made aware of another possible perpetrator." Id. at 22-23. Petitioner then states the trial court erred in denying his motion for a new trial. When the petitioner presented these claims to the Court of Appeals of Virginia in his appeal, it ruled that

> Wilkerson did not positively identify an individual as the person leaving appellant's house prior to the fire; instead, she merely stated that one of the photographs resembled the person she had seen. Under these circumstances, the trial court properly concluded her testimony was not exculpatory.

Order Jan. 25, 2011 at 5-6, R. No. 0952-10-2. The Supreme Court of Virginia refused further review by its June 22, 2011 order. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst, 501 U.S. at 803. Brady is violated only where the evidence at issue is favorable to the defense, the evidence was suppressed by the state, and the evidence was material to the defense, such that prejudice ensued from its suppression. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Here the state court properly rejected petitioner's claim because, as they noted in their opinion, the proffered evidence was not exculpatory. See id. As such, the state court's rejection of this claim was not contrary to, or an

unreasonable application of federal law, nor was it based on an unreasonable determination of the facts, and this claim must be dismissed. See Williams, 529 U.S. at 412–13.

## IV. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 31st day of October 2013.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia